UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIANA JACKSON | ) |
| | ) **JURY DEMAND** |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO: |
| | ) |
| MONTGOMERY COUNTY, TENNESSEE, | ) Judge: |
| | ) |
| | ) Magistrate Judge: |
| Defendant. | ) |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Diana Jackson ("Jackson" or "Plaintiff"), brings this action against Defendant, Montgomery County, Tennessee. ("Defendant"), for its discriminatory actions toward her based on her gender and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*.

**II. PARTIES**

2. Jackson is a citizen of the United States and has resided within the State of Tennessee at all relevant times hereto.

3. Defendant, Montgomery County, Tennessee, is a municipal corporation organized and existing under the laws of the State of Tennessee. The Defendant is, and at all relevant times have been, the employer of Plaintiff. The Montgomery County Emergency Medical Service ("Montgomery County EMS") is the operating emergency medical service of Montgomery County, Tennessee.

**III. JURISDICTION AND VENUE**

1

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 42 U.S.C. 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 2000e(b).

6. Jackson is an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Jackson satisfied her obligation to exhaust her administrative remedies having timely filed U.S. Equal Employment Opportunity Commission ("EEOC") Charge No. 494-2021-01612 alleging gender discrimination and retaliation. Jackson received her Notice of Suit Rights and timely files this action.

8. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. On or about January 4, 2016, Jackson began working for Defendant. Most recently, Jackson served in the role of Paramedic.

10. At all relevant times, Jackson met or exceeded Defendant's legitimate performance expectations.

11. In November 2020, Jesse Farrell was promoted to the Captain position.

12. Jackson was assigned to unit 21, which was the busiest unit in the whole department. The EMS informed her that if she needed a break, then it would accommodate her with a break or shift her to a less busy unit. However, when Jackson requested, on multiple occasions, a break and to be repositioned to another

outer unit, Jesse Farrell refused and said if he "feels like [Jackson] needs it, then he will give it to [her]."

13. Later on, during January 2021, Jackson had 10 calls on 1 shift and requested backup from Jesse Farrell. Jesse Farrell stated that he would get her some relief out there, but no relief arrived. Instead, Jesse Farrell called the other truck at the station that was just as busy as Jackson's unit, without contacting the readily available truck for relief. As a result, Jackson spoke with Chief Proctor about the situation, who indicated that he would take care of it and talk with Jesse Farrell.

14. Chief Proctor discussed the situation with Jesse Farrell, which followed with Jesse Farrell increasing his scrutiny and criticism over Jackson's performance, including, but not limited to, being called in approximately every other shift to discuss Jackson's work and being written up in March of 2021 for an event that occurred in 2019.

15. On or about April 29, 2021, Jackson was put on Leave without Pay purportedly due to her CPR card expiring on April 30, 2021. Defendant has instructors on site to conduct the CPR certification and has done so for other male paramedics in the past; however, Jackson was told to go outside of the Defendant to obtain her CPR certification. After this occurrence, Jackson reported the reasonably perceived discrimination and harassment to Michelle Lowe, Human Resources, but nothing changed. In addition, Jackson attempted to discuss the issues with Chief Webb, but she never received a response.

16. In or around May 14, 2021, Jackson was around an hour late to work. Later in the afternoon, Defendant called Jackson to discipline her. Yet, male Paramedics have historically been late by over an hour in the past and have not been disciplined. As a result, Jackson spoke with Chief Proctor and informed him that she was being unlawfully targeted, retaliated, and harassed at work by Jesse Farrell.

17. Nonetheless, a week later on May 21, 2021, Defendant terminated Jackson's employment.

## V. LEGAL ALLEGATIONS

### Count I: Gender Discrimination Claim

18. Jackson hereby incorporate paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Jackson was discriminated against, subjected to different terms and conditions of her employment, and terminated based on her gender.

20. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

21. Defendant's actions were willful, intentional, and done with reckless disregard for Jackson's civil rights.

22. Jackson suffered damages as a result of Defendant's unlawful actions.

### Count II: Retaliation Claim

23. Jackson hereby incorporates by reference paragraphs one (1) through twenty-two (22) of her Complaint.

24. Jackson was retaliated against when the Defendant terminated her employment for engaging in protected activity.

25. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

26. Defendant's actions were willful, intentional, and done with reckless disregard for Jackson's civil rights.

27. Jackson has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Diana Jackson, respectfully requests that this Court enter judgment in her favor and award the following relief:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race or gender;

2. Reinstate Plaintiff to her former position with corresponding seniority, shift, pay and benefits or award front pay in lieu thereof;

3. Order that the Plaintiff be awarded lost wages including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages;

5. Award the Plaintiff punitive damages;

5

6. Order Defendant to pay pre-judgment and post-judgment interest to Plaintiffs;

7. Order Defendant to pay Plaintiffs' costs and attorney fees; and

8. Order all other relief this Court deems just and proper.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Kyle Biesecker
Kyle F. Biesecker, Attorney No. 28872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorney for Diana Jackson

**DEMAND FOR JURY TRIAL**

Plaintiff, Diana Jackson, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Kyle Biesecker
Kyle F. Biesecker, Attorney No. 28872
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorney for Diana Jackson